# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| Appellee | * | **APPEAL NO. 13-1403** |
| | * | |
| v. | * | |
| | * | |
| **PEDRO HERNANDEZ-UBIERA** | * | |
| Appellant | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## APPELLANT PEDRO HERNANDEZ-UBIERA'S MOTION
## REQUESTING ORDER

**TO THE HONORABLE COURT**
**OF APPEALS FOR THE FIRST CIRCUIT:**

**COMES NOW**, the Appellant Pedro Hernandez-Ubiera through the undersigned court-appointed counsel, and very respectfully states and prays as follows:

1.      That on September 16th, 2013, the defense submitted for the consideration of this Honorable Court a brief moving among others to withdraw to further legal representation pursuant to *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Local Rule 46.6.

2.     That on February 11th, 2013, the Appellant pro se submitted a well drafted brief, however, same was based on non-meritorious legal arguments fully addressed in the *Anders* Brief previously noted.

3.     That since the Anders brief had been filed in full compliance of the local rules and the otherwise applicable law and the Appellant's responsive brief was based on unmeritorious claims of error, we herein very respectfully understood that briefing was complete and the instant appeal was now pending final disposition on behalf of the Court. Therefore, the undersigned counsel had totally complied with her obligations and duties as defense counsel under the applicable professional ethical code and under the C.J.A.

4.     That thereafter, the Appellant did not contact nor sought the advise of counsel. During this period of limited resources under the C.J.A., the undersigned counsel understood that all that it was pending was the Court's final disposition of the case. And the instant records and the diverse pro se documents submitted by the Appellant do reveal that he dominates the English language and could communicate with both the Court and the undersigned counsel if he would have deemed necessary.

5.     That on February 9th, 2015, the Appellant pro se filed a letter with the Court asking among others about the final judgment of the Court. In this regards, on February 12th, 2015, this Court responded and correctly advised the Appellant that

"the Anders brief filed by counsel was received and docketed on September 16, 2014 and your pro se response was received and docketed on October 17, 2014. Briefing is complete and the case is now pending with the court. You will be contacted in writing when the court reaches a decision with respect to this matter." Since this Court correctly informed the present status of the instant appeal to the Appellant and since the Appellant had not attempted to communicate with the undersigned counsel, we respectfully understood that this appeal was submitted pending final judgment.

6. That on May 19th, 2015, this Honorable Court entered Order, among others, requiring the undersigned counsel to contact and explain to the Appellant the consequences of the motion to withdraw the instant appeal.

7. That the undersigned counsel in full compliance with the Order entered on May 19th, 2015, drafted and mailed a letter for the defendant explaining the consequences of moving to dismiss the instant appeal and enclosed a proposed sworn statement for the Appellant to consider for filing and requesting the dismissal of the instant appeal. This information was notified to the Court through a motion in compliance filed on May 25th, 2015.

8. That May 29th, 2015, the Appellant submitted a lengthly pro se motion making diverse statements and asking for an opportunity to meet with the undersigned counsel.

9. That we very respectfully understand that the Appellant is entitled to meet with the undersigned counsel to confer and discuss the status of his appellate case as well as the applicable law in full compliance of the Sixth Amendment. Therefore, we very respectfully move this Honorable Court for authorization to travel in order to meet and hold a case conference with the Appellant at FMC-Devens in Ayer, Massachusetts.

**WHEREFORE,** it is respectfully requested for this Honorable Court to enter Order, authorizing the undersigned counsel under the C.J.A. to travel and hold a case conference with the Appellant at FMC-Devens in Ayer, Massachusetts.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE:** Rule 4 Local Rules Governing Electronic Filing provides that the Notice of Docket Activity that is generated by the court's electronic filing system constitutes service of the filed document on all ECF Filers. The system identifies which parties in a particular case are ECF filers, such as the U.S. Attorney's Office, U.S. Department of Justice, at Torre Chardón, Suite 1201, 350 Carlos Chardón Street, San Juan, Puerto Rico 00918; Appellant Pedro Hernández-Ubiera, Inmate Registration No. 39420-069, F.M.C. Devens, Federal Medical Center, P.O. Box 879, Ayer, MA 01432.

At San Juan, Puerto Rico, this 31st day of May, 2015.

/s/ **Miriam Ramos-Grateroles, Esq.**
MIRIAM RAMOS-GRATEROLES
Appeal Bar No. 37151
Attorney for Appellant
P.O. Box 191352
San Juan, Puerto Rico 00919-1352
Tel. No. (787) 502-2180
mramosgrateroles@gmail.com
miriamrg@prtc.net